Case: 1:03-cr-00978    Document 621    Filed: 08/05/2006    Page 1 of 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 CR 978 |
| | ) | Judge Amy J. St. Eve |
| ABDELHALEEM ASHQAR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR INDIVIDUAL
SEQUESTERED VOIR DIRE**

Comes now Defendant Abdelhaleem Hasan Abdelraziq Al Ashqar ("Dr. Ashqar"), with

his attorneys, William B. Moffitt and Andrea D. Lyon, pursuant to Rule 24(a) of the Federal

Rules of Criminal Procedure, as well as the Fifth, Sixth and Eighth Amendments to the United

States Constitution, and respectfully submits this Memorandum of Law in Support of His Motion

for Individual Sequestered Voir Dire.

**ARGUMENT**

There is no question that this prosecution involves issues of great sensitivity, issues that

are both emotionally and politically evocative. As discussed in Dr. Ashqar's Motion for

Attorney Conducted Voir Dire and accompanying Memorandum of Law, this case requires

greater safeguards than many to ferret out cause and to intelligently – consistent with the Sixth

Amendment to the United States Constitution -- be able to exercise peremptory challenges.

Additionally, this prosecution has been the subject of publicity in this community.

1

Case 1:03-cr-00978 Document 627 Filed 08/09/2006 Page 2 of 5

Therefore, questioning of single jurors on any of these and other sensitive topics before the entire panel poses the danger of contamination of all jurors. Finally, an important consideration for the Court is always the time necessary to accomplish any jury selection procedure. But, if individual questions are permitted, it matters little in terms of efficiency whether the juror being questioned is alone or in a group of other jurors.

During the voir dire, it will be essential to determine whether each prospective juror has been exposed to the extensive pretrial publicity. It will be *very difficult* to adequately question jurors individually about their knowledge of the case without revealing, or having them reveal, prejudicial information. Defendant submits that to question jurors as a group about their knowledge of the case creates a substantial danger of infecting the entire panel with prejudicial information. The existence of extensive pretrial publicity has often been recognized as a factor compelling individual examination of prospective jurors. *United States v. Dellinger*, 472 P.2d 340 (7th Cir. 1972).

In the interest of a fair and impartial trial and due process of law, as guaranteed by the Constitution of the United States Constitution, it is necessary that searching inquiry be made of the prospective jurors to uncover any and all bias and prejudice which may exist. Such an inquiry should be unfettered by natural human reluctance to admit before fellow jurors that one would be influenced in his verdict by socially unacceptable feelings or viewpoints. Nowhere is this tendency to give socially acceptable answers more pronounced than when the issue involves relations among different cultures.

It is clear that individual, sequestered voir dire permits the parties to better convince the Court to exclude for cause biased venire members. *See* Nietzel and Dillehay, "The Effects of

Variations in Voir Dire Procedures in Capital Murder Trials, 6 *Law and Human Behavior* 1-13 (1982); *Behavior Sciences and the Law*, 5, 467-477. A second benefit is the avoidance of prejudice to other jurors. *See Law and Human Behavior*, 8, 121-132; *Law and Human Behavior*, 8, 133-151. [1]

Trial courts should conduct individual, sequestered voir dire whenever the parties agree it is necessary. *See generally Patriarca v. United States*, 402 F. 2d 314 (1st Cir. 1968) (recommending individual voir dire when necessary); *see also Silverthorne v. United States*, 400 F. 2d 627 (9th Cir. 1968) (conviction rev'd because court's voir dire inadequate); *Coppedge v. United States,* 272 F. 2d 504 (D. C. 1959) (court should have made, out of the presence of remaining jurors, careful, individual examination of each). Dr. Ashqar would anticipate that the prosecutor would agree with this motion, at least in part.

When jurors must be questioned about such sensitive matters as their beliefs about the Terrorism, religious matters including their feelings about Islam and their feelings about this alleged crime and the defendant, it is common sense that jurors will be more reluctant to speak openly in front of other jurors. *See Coppedge v. United States*, *supra*. Sequestered questioning

---

[1] For these reasons, most courts now require individual, sequestered questioning on capital punishment related questions, at least. *See, e. g., Ky. Rule Crim. Proc. 9.38* In *Ferguson v. Commonwealth*, Ky., 512 S.W.2d 501, 503 (1974), the Court held that "separate examination of jurors or prospective jurors in circumstances of potential prejudice is a matter of procedural policy ..." The Court went on to "suggest to the trial courts that they give thought to the use of separate examination of jurors in appropriate circumstances." *Id.* at 503, n. 1. Eventually, hard lessons learned in capital cases led that jurisdiction to require individual, sequestered voir dire on certain sensitive topics. *See Grooms v. Commonwealth*, Ky., 756 S.W.2d 131 (1988) (defendant should have been able to ascertain content of juror's publicity exposure). *See Hovey v. Superior Court of Alameda City*, 616 P.2d 1301 (Cal. 1980) (in capital cases, portion of voir dire of each prospective juror which deals with death-qualification should be done individually and in sequestration).

Case 1:03-cr-00978 Document 621 Filed 08/05/2006 of Page 4 of 5

will permit this Court to protect, to some extent, the privacy of the prospective jurors.

As the parties will agree, and quite obviously, the Court has wide discretion in the conduct of voir dire examination. FRCP 24. Here, however, there is a possibility that individual jurors will be ineligible to serve either because of their exposure to potentially prejudicial pretrial publicity, because of their views on terrorism or because of racial and/or religious prejudice. Any of these factors counsel in favor of interrogating prospective jurors about these issues privately, outside the presence of other prospective jurors. *See Turner v. Murray*, 476 U.S. 28, 37 (1986) (plurality) (suggesting that 'special circumstances' require a more thorough and searching inquiry into the impartiality of veniremen to be constitutionally adequate); *United States v. Hawkins*, 658 F.2d 279, 283-84 (5th Cir.1981) (individual, sequestered voir dire involving pretrial publicity should have been conducted); *United States v. Davis*, 582 F.2d 190, 196-97 (5th Cir. 1978) (individual, sequestered voir dire involving pretrial publicity should have been conducted); *U.S. V. Ortiz*, 315 F. 3d 873 , 889 (C.A.8.Mo,2002) (while general questioning of potential juror on subject of race is sufficient, the better practice is to ask direct probing questions of individual veniremen, particularly when overall circumstances and surroundings suggest possibility of racial bias)

The American Bar Association *Standards for Criminal Justice*, Standard 15-2.4. Conduct of voir dire examination, sections d and e (1) state:

> (d) Where there is reason to believe the prospective jurors have been previously exposed to information about the case, or for other reason are likely to have preconceptions concerning it, counsel should be given liberal opportunity to question jurors individually about the existence and extent of their knowledge and preconceptions.
> (e) Jurors should be examined outside the presence of other jurors on sensitive matters or prior exposure to potentially prejudicial material.

(1) Sensitive matters are those matters which might be potentially embarrassing or intrusive into the juror's private life, feelings or beliefs, or those matters which if discussed in the presence of the jury panel, might prejudice or influence the panel by exposing other potential jurors to improper information.

All of the concerns expressed in the American Bar Association Standards are present in this case.

WHEREFORE, Dr. Ashqar prays that his Motion for Individual Sequestered Voir Dire be granted.

Respectfully Submitted,

/s/ William B. Moffitt                                  /s/ Andrea D. Lyon
**WILLIAM B. MOFFITT**                                  **ANDREA D. LYON**,
Moffitt & Brodnax, Ltd.                                 25 E. Jackson Blvd.
The Mills Building, Suite 400                           Chicago, Illinois 60604
1700 Pennsylvania Avenue, NW                            (312) 362-8402
Washington, D.C. 20006

Attorneys for Defendant Ashqar