IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 03-CR-978 |
| | ) | Hon. Amy J. St. Eve |
| ABDELHALEEM ASHQAR, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ASHQAR'S MOTION TO COMPEL THE GOVERNMENT TO
PROVIDE ALL *BRADY*, *GIGLIO*, AND JENCKS MATERIAL REGARDING THE
SENTENCING HEARING**

NOW COMES, Defendant Abdelhaleem Hasan Abdelraziq Ashqar, by and through his

undersigned counsel, respectfully moving this honorable Court for the entry of an order

compelling the government to furnish to Dr. Ashqar, prior to the sentencing in this matter, all

information in the government's possession which is in any way exculpatory as related to

sentencing. Furthermore, Dr. Ashqar respectfully moves this Court to enter an order compelling

the government to provide any Jencks material in the government's possession, custody, and

control, which relates to the anticipated testimony that the governments seeks to offer in support

Dr. Ashqar's sentencing. As grounds for the foregoing, Dr. Ashqar relies on Brady v. Maryland

and its progeny and 18 U.S.C. § 3500, commonly known as the Jencks Act.

**I.      DR. ASHQAR'S SPECIFIC *BRADY* REQUEST**

In Brady v. Maryland, the Supreme Court held that "the suppression by the prosecution of

evidence favorable to an accused upon request violates due process where the evidence is material

either to guilt *or to punishment*, irrespective of the good faith or bad faith of the prosecution."

373 U.S. 83, 87 (1963) (emphasis added). Explicitly, the Seventh Circuit "has recognized that

1

Brady may be invoked to challenge a prosecutor's failure to reveal evidence that may be favorable to an accused at sentencing." United States v. Nash, 29 F.3d 1195, 1202n.3 (7th Cir. 1994) (citing United States v. Guerrero, 894 F.2d 261, 268 (7th Cir. 1990)). Furthermore, "[s]uppression of impeachment evidence can also give rise to a Brady violation." United States v. Kozinski, 16 F.3d 795, 819 (7 th Cir. 1994) (citing Giglio v. United States, 405 U.S. 150 (1972)).

Presumably, during the November 8, 2007 sentencing hearing, there will be two main factual issues regarding Application Note 2 of the terrorism enhancement: 1) whether Dr. Ashqar's failure to testify actually obstructed the Chicago Grand Jury's investigation, and 2) the nature and specificity of the Chicago Grand Jury's investigation. Both issues are material to the punishment of Dr. Ashqar because if the government can prove that Dr. Ashqar actually obstructed the Chicago Grand Jury's investigation and that the grand jury was investigating a specific, clearly defined federal crime of terrorism, Dr. Ashqar's punishment will increase exponentially. Presumably, the government will also attempt to proffer evidence at the sentencing hearing regarding any substantial expenditure of resources or premature termination of investigations as a result of Dr. Ashqar's failure to testify, as well as evidence regarding the underlying crime that the Chicago Grand Jury was investigating. These factual issues are material to Dr. Ashqar's punishment as they may increase Dr. Ashqar's possible punishment under the substantial interference and accessory-after-the-fact cross reference enhancements. In the government's response memorandum, it has indicated that a yet unidentified FBI agent will be testifying regarding these issues.

Dr. Ashqar suggests to the Court that all of the following information, which is in the unique control of the government, is material to whether Dr. Ashqar actually obstructed the grand

2

jury's investigation, whether the grand jury was investigating a specific federal crime of terrorism, what crime the grand jury was actually investigating, and whether there was any substantial interference resulting from Dr. Ashqar's failure to testify. To the extent that the government intends to discuss any specific investigation regarding Hamas that this government intends was obstructed, Dr. Ashqar requests the following information, all of which is material to Dr. Ashqar's punishment:

1. The names of each investigation regarding Hamas and any and all information provided about Hamas by other witnesses in these investigations;

2. The names of all people who provided information in each investigation;

3. Whether the investigation was terminated or if it resulted in indictment or information;

4. What information was obtained from any of these investigations;

5. All of the reasons, other than Dr. Ashqar's failure to testify, that resulted in termination of an investigation;

6. Any internal memorandum in the possession, custody, and control of the Department of Justice that establishes any reasons for the termination of any investigations of Hamas other than Dr. Ashqar's failure to testify;

7. Any lead sheets that establish any and all leads that the government failed to follow-up, regarding any investigation about Hamas;

8. All the evidence acquired by the government pertaining to the "List of Unindicted Co-conspirators and/or Joint Venturers" crafted and supplied by the government in the United States of America vs. Holy Land Foundation for Relief and Development, No. 04-CR-240 (Filed July 26, 2004), which is attached hereto and made a part hereof;[1]

9. The names of each and every one of the alleged co-conspirators/joint venturers named in this Holy Land Foundation pleading referenced above that were not called before the Chicago Grand Jury;

---

[1] See Attachment 1

3

10. The names and grand jury testimony of all individuals who testified in front of the Holy Land Foundation Grand Jury that supplied information regarding Hamas that relates in any way to the alleged information that Dr. Ashqar's proposed testimony would have covered;

11. All evidence relied upon by the United States Government to classify Mousa Abu Marzook as a Specially Designated Terrorist;

12. All evidence relied upon by the United States Government to classify Muhammad Hamid Khalil Salah as a Specially Designated Terrorist;

13. All information in possession, custody, and control of the government regarding the investigation of INFOCOM that relates in any manner to the sentencing of Dr. Ashqar;

14. All Jencks material provided by the government in the INFOCOM Investigation;

15. Information regarding any and all investigations of the Muslim Brotherhood that in any way relates to Hamas;

16. Any and all documents, including internal memorandum of the Department of Justice, relating to all past investigations of Hamas or individuals associated with Hamas that were terminated for reasons other than Dr. Ashqar's failure to testify;

17. Any and all information regarding the alleged investigation of Hamas in New York in or around 1998, that tends to establish that the termination of that investigation was based on anything other than Dr. Ashqar's failure to testify;

18. Any and all documents in the possession, custody, and control of the government, including internal memoranda, relating to the deportation and investigation of Mousa Abu Marzook;

19. Any and all documents establishing the reasons for the deportation of Mousa Abu Marzook prior to the termination of any criminal investigation of Marzook;

20. Information concerning the proposed witness' connection to the Chicago Grand Jury's investigation;

21. Any and all documents in possession, control, and custody of the Department of Justice, including internal memoranda, regarding the scope and function of the Chicago Grand Jury investigation;

22. Any and all documents in possession, control, and custody of the Department of Justice, including internal memoranda, regarding resources expended as a direct result of Dr. Ashqar's failure to testify;

4

23.     From the Executive Branch of the government, all intelligence reports of treatment of Palestinians in the Occupied Territories regarding imprisonment, torture, expulsion, etc;

24.     All intelligence reports of corruption existing in the Yasser Arafat organization, FATAH, regarding the Palestinian people.

## II.     DR. ASHQAR'S SPECIFIC JENCKS REQUEST

"The Jencks Act compels the government's production of statements a government witness has signed or otherwise adopted or approved and which relate to the subject matter as to which the witness has testified." United States v. Morris, 957 F.2d 1391, 1400 (7th Cir. 1992) (citing 18 U.S.C. § 3500). The Jencks Act defines "statement" as a written statement made by the witness, or adopted or approved by him or her, a verbatim recording of the witness' statement, or a statement made to a grand jury. 18 U.S.C. § 3500(e).

Dr. Ashqar seeks the identity of the government's proposed witness. Furthermore, Dr. Ashqar seeks any and all statements of the proposed government witness, including prior testimony of this witness before any courts or grand juries regarding the subject matter of the witness' intended testimony.

In as much as it appears that the anticipated testimony of the government's proposed witness is likely to be summary in nature, Dr. Ashqar requests the production of any and all reports of any federal agency that the unknown witness intends to rely on in his/her testimony and any reports the witness has read and intends to adopt in his/her testimony. See, e.g., United States v. Ashford, 924 F.2d 1416, 1422 (7th Cir. 1991) (indicating that the district court "ordered the government to make the records that [the summary witness] reviewed available to the defense" pursuant to Fed. R. Evid. 1006).

### CONCLUSION

WHEREFORE, Dr. Ashqar respectfully requests that the Court enter an order compelling the government to provide, prior to the sentencing hearing, the aforementioned information.

Respectfully Submitted,

**/s/ William B. Moffitt**
WILLIAM B. MOFFITT
Moffitt & Brodnax, Ltd.
11582 Greenwich Point Road
Reston, VA 20194
Phone: (703) 834-0204
Fax: (703) 834-0206
Email: wbmoffitt_esq@yahoo.com